**Ervin Junius THORNTON II, Petitioner,**

v.

**UNITED STATES of America, Respondent.**

**Civ. No. 02–40053.
Crim. No. 97–50021.**

United States District Court,
E.D. Michigan,
Southern Division.

March 21, 2002.

Ervin Junius Thornton, II, pro se.

Mark C. Jones, U.S. Attorney's Office, Flint, MI, for U.S.

## OPINION AND ORDER

GADOLA, District Judge.

 Before the Court are Petitioner's motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255 [docket entry 431] and Respondent's response thereto [docket entry 436]. Pursuant to Local Rule 7.1(e), the Court concludes that a hearing would not aid in the disposition of this matter. Where, as here, the records and files of a case determinatively show that a petitioner under § 2255 is entitled to no relief, the Court will not hold an evidentiary hearing. *Jackson v. United States*, 129 F.Supp.2d 1053, 1066 (E.D.Mich.2000) (Gadola, J.). For the reasons set forth below, the Court denies Petitioner's motion.

## I BACKGROUND

A jury of his peers found Petitioner guilty of violating: 21 U.S.C. § 846 (conspiracy to distribute controlled substances); 18 U.S.C. §§ 924(j), 924(*o*) (conspiracy to commit firearm murder during, and in relation to, a drug-trafficking crime); 18 U.S.C. § 2 and 18 U.S.C. § 924(j)(1) (firearm murder during, or in relation to, a drug-trafficking crime, aiding and abetting); 18 U.S.C. § 924(c) (use of firearms during, and in relation to, a felony drug offense); and multiple counts of violating 21 U.S.C. § 841 (for distribution of, and possession with intent to distribute, narcotics). This Court sentenced Petitioner to: multiple sentences of life imprisonment for the controlled-substances conspiracy and firearms murders; 240 months' imprisonment for cocaine distribution and possession with intent to distribute cocaine; 480 months' imprisonment for possession with intent to distribute cocaine; 60 months' imprisonment for possession with intent to distribute marihuana; and 60 months' imprisonment for the use of a firearm during and in relation to a drug-trafficking offense.

Petitioner appealed this sentence, arguing that: (1) several counts of the indictment were multiplicatus; (2) the murder counts should have been separated from the drug counts; (3) there was prosecutorial misconduct; (4) he suffered ineffective assistance of counsel; and (5) he should not have received a three-level sentencing enhancement pursuant to United States Sentencing Guideline § 3B1.1(b). *United States v. Thornton*, No. 99–1275, 2000 WL 1597928, at *1–2 (6th Cir. Oct.17, 2000). The Sixth Circuit summarily rejected these arguments. *Id.*

Petitioner now moves to vacate, set aside, or correct his sentence pursuant 28 U.S.C. § 2255. Petitioner offers three grounds for his motion. First is "[d]enial of effective assistance of counsel." Second is "[c]onviction obtain [sic] by evidence gained pursuant to an unconstitutional search and seizure." Third is "[c]onviction obtained by a violation of the Fifth and Sixth Amendment[s]."

## II LEGAL STANDARD

 To obtain relief pursuant to § 2255, a petitioner must establish that: his sentence's imposition violated the Constitution or federal law; the Court lacked jurisdiction to impose such a sentence; the sentence exceeded the maximum allowed by law; or, his sentence is otherwise subject to collateral attack. *Williams v. United States*, 13 F.Supp.2d 616, 617 (E.D.Mich.1998) (Gadola, J.). The grounds for relief under § 2255 are, obviously, narrower than they would have been on direct appeal. *Id.*

## III ANALYSIS

### A. Ineffective Assistance of Counsel

To succeed with an argument of ineffective assistance of counsel, Petitioner must demonstrate (1) that counsel's performance was deficient, and (2) that coun-

sel's performance prejudiced the defense; i.e., "that counsel's errors were so serious as to deprive the defendant of a fair" and reliable proceeding. *Strickland v. Washington,* 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). A "strong presumption" exists that counsel afforded a defendant reasonable professional assistance. *Id.* at 689, 104 S.Ct. 2052. The prejudice prong is especially onerous because Petitioner must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. *See id.* at 694, 104 S.Ct. 2052.

Petitioner "contends counsel was ineffective because he made no attempt to challenge the fruits of the tainted evidence from unlawful state searches, used in the grand jury, affidavit of search warrant, and trial proceedings." (Pet'r Mot. at 5(a).) The search warrant to which Petitioner refers was issued by Magistrate Judge Mark Goldman on May 20, 1997 and authorized the search of divers locations. (Pet'r Br. at 7; Resp't Exh. 3.)

■ The Court rejects Petitioner's argument. To succeed on a motion to suppress evidence flowing from Magistrate Judge Goldman's search warrant, Petitioner's counsel would have had to establish that Petitioner had standing to challenge the searches of the relevant locations. *See Thomas v. Ivezaj,* No. 96–1775, 1997 WL 720448, at *2 (6th Cir. Nov.12, 1997); *United States v. Hartwell,* 67 F.Supp.2d 784, 793 (E.D.Mich.1999) (Gadola, J.); *see also United States v. Francis,* 646 F.2d 251, 254 (6th Cir.1981) (noting that the district court had considered the issue of standing sua sponte). Specifically, counsel would have had to have proven, by a preponderance of the evidence, that (1) Petitioner manifested a subjective expectation of privacy in the object of the challenged search and (2) society was prepared to recognize that expectation as legitimate.

*Hartwell,* 67 F.Supp.2d at 793 (citation omitted); *United States v. Eley,* No. 93–162, 1993 WL 370614, at *2 (E.D.La. Sept.9, 1993).

Nowhere in Petitioner's submission does he attempt to show that his lawyer even would have been able to establish that Petitioner would have had standing to bring a motion to suppress. Therefore, this Court holds that Petitioner has failed to show that counsel's decision not to move to suppress the evidence flowing from Magistrate Judge Goldman's search warrant in any way prejudiced Petitioner. The Court also notes that a co-defendant of Petitioner, Otis Brown, made exactly such a motion. That motion failed. (Resp't Exh. 4.)

## B. Unconstitutional Search and Seizure

■ Petitioner argues that the evidence used to convict him was the fruit of a series of unconstitutional searches and seizures. As discussed above, Petitioner has failed to establish standing to challenge any of the searches and seizures at issue. The Court therefore rejects this proposed ground of relief.

## C. Remaining Arguments

Petitioner adduces a bevy of grounds upon which, he argues, his sentence is infirm in light of the Fifth and Sixth Amendments. First, Petitioner contends that the indictment under which he was convicted was multiplicatus. (Pet'r Br. at 12.) Petitioner made precisely the same argument before the Sixth Circuit, and this Court rejects that contention for the same reason that the Sixth Circuit did so. *See Thornton,* 2000 WL 1597928, at *1.

Second, Petitioner argues the evidence was insufficient to justify his conviction on the homicide charges. (Pet'r Br. 13–14.) Again, Petitioner made this precise argu-

ment before the Sixth Circuit. This Court rejects that argument for the same reasons that the Sixth Circuit did so. *Id.* at *2.

■ Finally, Petitioner argues that the parts of his sentence imposed for violating 21 U.S.C. § 841 are invalid in light of *Apprendi v. New Jersey,* 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000). *Apprendi,* however, is of no aid to Petitioner. The holding of *Apprendi* is that, except for the fact of a previous conviction, "any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt." *United States v. Corrado,* 227 F.3d 528, 542 (6th Cir.2000).

■ Assuming *arguendo* the correctness of Petitioner's *Apprendi* argument, Petitioner's life sentences for the homicide counts would render harmless any error that this Court may have made under *Apprendi. United States v. Pappa,* Nos. 99–1730, 00–1678, 2002 WL 398222, at *1 (2d Cir. Mar.14, 2002); *United States v. Hill,* Nos. 01–1340, 01–1616, 2002 WL 104868, at *1 (7th Cir. Jan.22, 2002); *cf. United States v. Page,* 232 F.3d 536, 545 (6th Cir.2000). *Apprendi* thus affords no substantive relief to Petitioner.

## IV CONCLUSION

Petitioner warrants no relief. In other words, Petitioner has created his world, and now he has to live in it. For the reasons set forth above,

**IT IS HEREBY ORDERED** that Petitioner's motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255 [docket entry 431] is **DENIED.**

**SO ORDERED.**